UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

MICHELE LEE JOHNSON

        Plaintiff,

   v.

NANCY A. BERRYHILL,[1] Commissioner of
Social Security,

        Defendant.

**DECISION
and
ORDER**

**16-CV-00389-LGF
(consent)**

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

| APPEARANCES: | LAW OFFICES OF KENNETH A. HILLER |
|---|---|
| | Attorneys for Plaintiff |
| | BRANDI SMITH, of Counsel |
| | 6000 Bailey Avenue |
| | Suite 1A |
| | Amherst, New York 14226 |
| | |
| | JAMES P. KENNEDY |
| | ACTING UNITED STATES ATTORNEY |
| | Attorney for Defendant |
| | FERGUS KAISER |
| | Assistant United States Attorney, of Counsel |
| | Federal Centre |
| | 138 Delaware Avenue |
| | Buffalo, New York 14202, and |
| | |
| | STEPHEN P. CONTE |
| | Regional Chief Counsel |
| | United States Social Security Administration |
| | Office of the General Counsel, of Counsel |
| | 26 Federal Plaza |
| | Room 3904 |
| | New York, New York 10278 |

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn Colvin as the defendant in this suit. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On February 14, 2017, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned. (Dkt. No. 13). The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, filed by Plaintiff on October 26, 2016 (Dkt. 10), and by Defendant on December 20, 2016 (Dkt. 11). For the reasons discussed below, Plaintiff's motion is denied and the Commissioner's motion is granted.

## BACKGROUND and FACTS

Plaintiff Michele Lee Smith ("Plaintiff"), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant") decision denying her application for disability benefits for Supplemental Security Income ("SSI") benefits under Title II of the Act, and Social Security Disability Insurance ("SSDI") benefits under Title XVI of the Act, together ("disability benefits"). Plaintiff, born on March 13, 1973 (R. 219), alleges that she became disabled on July 21, 2011, when she stopped working as a result of depression, chronic pain syndrome, bursitis, greater trochanteric (hip) pain syndrome, sacroiliac joint dysfunction with right side instability, sciatica, piriformis syndrome (buttock pain), chronic and severe pain all over, lumbar back pain and muscle aches. (R.242).

Plaintiff's application for disability benefits was initially denied by Defendant on December 27, 2011 (R. 136), and, pursuant to Plaintiff's request on January 6, 2012, a

hearing was held before Administrative Law Judge Nancy Pasiecznik ("Judge Pasiecznik" or "the ALJ") on February 15, 2013, in Buffalo, New York, where Plaintiff, represented by Kelly Laga, Esq. ("Laga") appeared and testified at the hearing. (R. 31-57). On February 28, 2013, during the time of Plaintiff's hearing request, Plaintiff filed a Title XVI application for supplemental security income that was escalated and consolidated with Plaintiff's appeal of her Title II application. During a second hearing held on November 28, 2014, ALJ Donald T. McDougall ("ALJ McDougall") presided, Plaintiff, represented by Laga appeared and testified, and vocational expert ("VE") Joe Pierson appeared and testified. (R. 78-86). The ALJ's decision denying Plaintiff's claim was rendered on November 28, 2014. (R. 11-24). Plaintiff requested review by the Appeals Council, and on March 21, 2016, the ALJ's decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for review. (R. 1-4). This action followed on May 16, 2016, with Plaintiff alleging that the ALJ erred by failing to find her disabled. (Dkt. No. 1).

On October 26, 2016, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 10) ("Plaintiff's Memorandum"). Defendant filed, on December 20, 2016, Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 11) ("Defendant's Memorandum"). Plaintiff filed a reply to Defendant's motion on the pleadings on January 10, 2017 ("Plaintiff's Reply Memorandum") (Dkt. No. 12). Oral argument was deemed unnecessary.

**DISCUSSION**

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error. *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

**A.     Standard and Scope of Judicial Review**

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be

4

affirmed, absent legal error, if it is supported by substantial evidence.  *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3).  "Congress has instructed . . . that the factual findings of the Secretary,[2] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

     The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits.  *Id.*  The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Absent an impairment, the applicant is not eligible for disability benefits.  *Id.*  Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[3]  42 U.S.C. §§

---

[2] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

[3] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period.  20 C.F.R. §§ 404.1509 and 416.909.

423(d)(1)(A) and 1382(c)(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920.  *See also Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e).  If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits.  *Id.*  Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment.  20 C.F.R. §§ 404.1520(f), 416.920(f).  *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work").  If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits.  20 C.F.R. §§ 404.1520(g), 416.920(g).  The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment. *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision.  20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

**B.	Substantial Gainful Activity**

The first inquiry is whether the applicant engaged in substantial gainful activity. "Substantial gainful activity" is defined as "work that involves doing significant and productive physical or mental duties" done for pay or profit. 20 C.F.R. § 404.1510(a)(b). Substantial work activity includes work activity that is done on a part-time basis even if it includes less responsibility or pay than work previously performed. 20 C.F.R. § 404.1572(a). Earnings may also determine engagement in substantial gainful activity. 20 C.F.R. § 404.1574. In this case, the ALJ concluded Plaintiff had not engaged in substantial gainful activity since July 21, 2011, Plaintiff's alleged onset date of disability. (R. 13). Plaintiff does not contest this finding.

**C.	Severe Physical or Mental Impairment**

The second step of the analysis requires a determination whether the disability claimant had a severe medically determinable physical or mental impairment that meets the duration requirement in 20 C.F.R. § 404.1509 ("§ 404.1509"), and significantly limits the claimant's ability to do "basic work activities." If no severe impairment is found, the claimant is deemed not disabled and the inquiry ends. 20 C.F.R. § 404.1420(a)(4)(ii).

The Act defines "basic work activities" as "abilities and aptitudes necessary to do most jobs," and includes physical functions like walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b) ("§ 404.1521(b)"), 416.921(b). The step two analysis may do nothing more

than screen out *de minimus* claims, *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995), and a finding of a non-severe impairment should be made only where the medical evidence establishes only a slight abnormality which would have no more than a minimal effect on the claimant's ability to work. *Rosario v. Apfel,* 1999 WL 294727, at *5 (E.D.N.Y. March 19, 1999) (quoting Social Security Ruling ("SSR") 85-28, 1985 WL 56856).

In this case, the ALJ determined that Plaintiff suffered from the severe impairments of fibromyalgia,[4] depression and anxiety and that Plaintiff's migraine headaches, back pain, sleep apnea and restless leg syndrome were not severe. (R. 14). Plaintiff contends that the ALJ's step two findings are erroneous as the ALJ failed to include Plaintiff's chronic pain syndrome in step two of the ALJ's disability analysis, and failed to correct the error by including findings on Plaintiff's chronic pain syndrome throughout the remaining steps of the ALJ's disability determination. Plaintiff's Memorandum at 18-19. Defendant maintains that Plaintiff's mere diagnosis of chronic pain syndrome was not enough to require the ALJ to find that Plaintiff's condition was a severe impairment under step two of the disability analysis, and that any error attributable to the ALJ's step two findings should be considered harmless as the ALJ considered Plaintiff's other severe impairments beyond step two of the disability analysis. Defendant's Memorandum at 21-22.

In this case, the ALJ erred by including no consideration of Plaintiff's chronic pain within the ALJ's step two severity analysis, as substantial evidence establishes that

---

[4] The ALJ bases this finding on consultative examinations performed by Dr. Miller on December 8, 2011 (R. 17), and Dr. Wheeler on May 18, 2012. (R. 18).

8

Plaintiff's chronic pain syndrome significantly limited Plaintiff's ability to perform basic work activities. In particular, on August 12, 2011, James P. Giambrone, M.D. ("Dr. Giambrone"), diagnosed Plaintiff with chronic pain syndrome, prescribed treatment that included Gabapentin (nerve pain) (R. 335), noted that Plaintiff's pain required Plaintiff to shift her weight from foot-to-foot, that Plaintiff was unable to sit from pain (R. 340), and treated Plaintiff for chronic pain from August 12, 2011, to March 15, 2012. (R. 444-54). On June 14, 2011, Robert Graham, Ph.D., ("Dr. Graham"), corroborated Dr. Giambrone's diagnosis of Plaintiff's chronic pain syndrome by diagnosing Plaintiff with Axis I[5] mood disorder resulting from a general medical condition, Axis III chronic lumbar pain, and Axis IV loss of occupational and social activities, and provided behavioral pain management to help Plaintiff manage and cope with her chronic pain from June 14, 2011 until November 27, 2012. (R. 551-71). The ALJ's finding that Plaintiff's chronic pain syndrome was not severe under step two of the sequential disability analysis is therefore without support of substantial evidence in the record.

As Defendant correctly maintains, the ALJ's error at step two of the sequential disability analysis is harmless because the ALJ included Plaintiff's possible pain-related limitations in the ALJ's residual functional capacity assessment of Plaintiff and in hypothetical questions posed by the ALJ to the vocational expert ("VE") during Plaintiff's administrative hearing, including a hypothetical question posed to the VE that restricted Plaintiff to light and/or sedentary work with limitations to the ability to change positions

---

[5]The DSM-IV multiaxial scale is used to assess an individual's mental and physical condition on five axes, each of which refers to a different class of information: Axis I, clinical disorders; Axis II, personality disorders; Axis III, general medical conditions; Axis IV, psychosocial and environmental stressors, and Axis V, global assessment of functioning. American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders-IV-TR* ("DSM-IV"), at 27 (4th ed. 2000).

from sitting to standing for one minute every half-hour, only simple, repetitive, routine, unskilled work, with no fast-paced assembly line work, no more than occasional work with the general public, and no greater than frequent contact with supervisors.  (R. 79). As the ALJ in this case included Plaintiff's chronic pain in the ALJ's residual functional capacity assessment of Plaintiff and resulting hypothetical questions posed to the VE during the VE's testimony the ALJ's failure to make any reference to Plaintiff's chronic pain as a severe impairment under step two of the sequential disability analysis is harmless.  *See Reices-Colon v.* Astrue, 523 Fed. App'x. 796, 798 (2d Cir. 2013) (harmless error where ALJ erred in excluding severe impairments from step two of the disability analysis but proceeded to evaluate claimant's disability based on such severe impairments through the remaining steps of the sequential analysis) *see also Meyers v. Astrue*, 954 F.Supp. 2d. 1163, 1173-74 (W.D. Wash. 2013) (step two error harmless where residual functional capacity assessment included additional significant limitations from chronic pain syndrome).  Plaintiff's motion on this issue is accordingly denied.

## D. <u>Listing of Impairments</u>

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the criteria for disability under Appendix 1 of 20 C.F.R. Pt. 404, Subpt. P ("The Listing of Impairments"), specifically 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 1.04 ("§ 1.04") (Disorders of the spine).  (R. 15).  Plaintiff does not contest the ALJ's step three findings.

## E. <u>Residual functional capacity</u>

Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § § 404.1520(a)(4)(ii), that

significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform alternative work, 20 C.F.R. § 404.1520(a)(4)(iv), and prove that substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience, and training. *Parker*, 626 F.2d 225 at 231. To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they nevertheless permit certain basic work activities essential for other employment opportunities. *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981). Specifically, the Commissioner must demonstrate by substantial evidence the applicant's "residual functional capacity" with regard to the applicant's strength and "exertional capabilities." *Id*. An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work. *Decker*, 647 F.2d at 294.

Plaintiff contends that the ALJ's residual functional capacity assessment of Plaintiff is erroneous as the ALJ failed to include limitations resulting from Plaintiff's chronic pain syndrome. Plaintiff's Memorandum at 18-21. In this case, the ALJ found that Plaintiff had the residual functional capacity to perform light work with limitations including to the ability to change position for one to two minutes every 30 minutes in a workday, no more than occasional bending, only simple, repetitive and routine work, with no fast-paced or assembly line work, no more than occasional work with the general public or frequent contact with supervisors. (R. 16-17). Notably, during the administrative hearing held on

November 28, 2014, the ALJ asked the VE whether limiting Plaintiff to simple, repetitive, routine, unskilled work with no fast-paced assembly line work and no contact with the general public nor more than frequent contact with supervisors would account for reducing the stress of unskilled work (R. 81), and posed a hypothetical question to the VE to whether an individual like Plaintiff with the limitations delineated in the ALJ's residual functional capacity assessment of Plaintiff would retain the ability to perform work in the national or regional economy, to which the VE opined that an individual like Plaintiff with the limitations posed to the VE would be able to perform the occupations of mail clerk, an unskilled job at the light exertional level with 87,932 jobs available in the national economy and 195 jobs available in the regional economy; marker, an unskilled jobs at the light exertional level with 271,554 jobs available in the national economy and 1,315 jobs available in the regional economy; document preparer, an unskilled job at the sedentary exertional level with 45,236 jobs available in the national economy and 209 jobs available in the regional economy, and addresser, and unskilled sedentary job with 66,511 jobs available in the national economy and 916 jobs available in the regional economy. (R. 81-82). The ALJ's residual functional capacity assessment and hypothetical questions posed to the VE during the administrative hearing thus included limitations related to Plaintiff's chronic pain. Plaintiff's motion on this issue is therefore denied.

<u>Credibility of Plaintiff's Subjective Complaints</u>

In this case, the ALJ, as required, evaluated Plaintiff's impairments under 20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526, and determined that although the record established that Plaintiff had the severe impairments of fibromyalgia, depression

and anxiety, Plaintiff's statements concerning the intensity, persistence and limiting effects of Plaintiff's symptoms were not credible to the extent the statements were inconsistent with Plaintiff's testimony. (R. 20). Plaintiff contends that the ALJ's credibility determination failed to include Plaintiff's chronic pain syndrome, and that the ALJ incorrectly found that Plaintiff's chronic pain syndrome and fibromyalgia were not supported by medical findings, impairments that Plaintiff alleges are based on unclear etiology, and therefore difficult to diagnose and support with clinical evidence. Plaintiff's Memorandum at 21-22. Defendant maintains that the ALJ properly assessed Plaintiff's credibility based on Plaintiff's inconsistent statements and allegations of pain, Dr. Miller's assessment that Plaintiff had only moderate limitations to heavy lifting, bending, squatting, kneeling, pushing, pulling, and prolonged standing, and Dr. Wheeler's finding that Plaintiff can occasionally lift and carry up to two pounds, climb, balance, stoop, kneel, crouch, and crawl, stand and walk at least two hours in an eight-hour day, frequently lift and carry up to 10 pounds, and sit for six hours in an eight-hour day. Defendant's Memorandum at 22-25.

It is the function of the ALJ, not the court, to assess the credibility of witnesses. *See Tankisi v. Commissioner of Social Security*, 521 Fed. Appx. 29, 35 (2d Cir. 2013). Pain or other symptoms may be important factors contributing to a disability claimant's functional loss, and affect a claimant's ability to perform basic work activities where relevant medical signs or laboratory findings show the existence of a medically determinable impairment that could "reasonably" be expected to cause the associated pain or other symptoms. 20 C.F.R. § 404.1529(c)(3). "A claimant's testimony is entitled to considerable weight when it is consistent with and supported by objective medical

evidence demonstrating that the claimant has a medical impairment which one could reasonably anticipate would produce such symptoms" *Hall v. Astrue*, 677 F.Supp.2d 617, 630 (W.D.N.Y. 2009) (citing *Latham v. Commissioner of Social Security*, 2009 WL 1605414, at *15 (N.D.N.Y. 2009)).

In this case, the ALJ based Plaintiff's credibility assessment on medical evidence in the record, Plaintiff's inconsistent reports of activities of daily living, Plaintiff's positive response to treatment, variation in Plaintiff's signs and symptoms including Plaintiff's use of a cane, and absence of any indication from Mr. Coppola, Plaintiff's physician assistant, that Plaintiff had a mental impairment. (R. 20-21). The ALJ's credibility assessment of Plaintiff, based on a thorough discussion of Plaintiff's testimony, *see* R. 17, and reported activities of daily living and medical evidence in the record that the ALJ believed contradicted Plaintiff's allegations of pain, was therefore based on substantial evidence and sufficiently accounted for in the ALJ's residual functional capacity assessment of Plaintiff, as well as in the hypothetical questions the ALJ posed to the VE that resulted in the VE's finding that Plaintiff was able to engage in work and the ALJ's finding that Plaintiff was therefore not disabled. *See Sloan v.* Colvin, 24 F.Supp.3d 315, 328-29 (W.D.N.Y. 2014) (no remand where ALJ assessed Plaintiff's credibility based on Plaintiff's testimony, activities of daily living and conflicting medical evidence). Plaintiff's motion for remand on this issue is accordingly denied.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 8) is DENIED; Defendant's motion (Doc. No. 10) is GRANTED. The Clerk of Court is ordered to close the file.

So Ordered.

*/s/ Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: February 6, 2018
Buffalo, New York